UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5264-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in: (1) rejecting back pain as a severe impairment at step two, (2) assessing the opinion of a consultative examiner, and (3) presenting a hypothetical to the vocational expert ("VE") that does not include all of Plaintiff's limitations. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1977, has two years of college education, and has no past relevant work. AR at 233, 386. In September 2018, Plaintiff applied for benefits, alleging disability as of

ORDER - 1

December 1, 2007. AR at 201-06. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 119-32, 136-45. After the ALJ conducted a hearing in October 2019 (*id*. at 36-60), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-32.

The Appeals Council denied Plaintiff's request for review (AR at 1-6), but the U.S. District Court for the Western District of Washington granted the parties' stipulated motion to reverse the ALJ's decision and remand for further administrative proceedings. *Id*. at 448-54. On remand, the ALJ held a hearing in October 2021 (*id*. at 394-421), consolidated a subsequent benefits application, and issued a decision finding Plaintiff not disabled. *Id*. at 371-87. Plaintiff now seeks review of the ALJ's decision by this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Harmfully Err at Step Two or in Assessing an Examiner's Opinion

At step two, an ALJ considers whether a claimant's impairments are medically determinable, meaning that they result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms. 20 C.F.R. § 404.1521; Social Security Ruling 96-4p, 1996 WL 374187, at *1 (Jul. 2, 1996) ("[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone.").

In this case, the ALJ noted that Plaintiff reported back pain but found that his allegation was not supported by radiological evidence or any specific diagnosis. AR at 374. But a consultative examiner, W. Daniel Davenport, M.D., diagnosed Plaintiff with "[c]hronic back pain in the lower thoracic and lumbar spine" in April 2019 (*id.* at 312), and Plaintiff argues that Dr. Davenport's opinion indicates that his back pain is a medically determinable impairment. (Dkt. # 10 at 6.)

When Dr. Davenport's opinion is considered alongside the ALJ's RFC assessment, it appears that any step-two error is harmless because the ALJ accounted for all of the limitations Dr. Davenport attributed to Plaintiff's back pain, specifically Plaintiff's limited ability to stoop, bend, crouch, or stand for extended periods of time. *Compare* AR at 312 *with id.* at 377.

ORDER - 3

Plaintiff suggests that the ALJ's RFC assessment does not fully account for Dr. Davenport's opinion that he could only stand 2-4 hours per day. (Dkt. # 12 at 2.) The Court disagrees because, as found by the ALJ, the ALJ's finding that Plaintiff required the ability to sit or stand at will throughout the entire workday is entirely consistent with Dr. Davenport's opinion that Plaintiff could sit at least six hours per day and stand 2-4 hours per day. *See* AR at 312 (Dr. Davenport's conclusions), 383 (the ALJ's finding that "[t]he [RFC] includes a sit/stand option allowing for the ability to change position between sitting and standing at-will, which is also consistent with Dr. Davenport's medical source statement"). The ability to sit or stand at will permits a person to stand no more than 2-4 hours per workday, as even Plaintiff equivocally acknowledges. (Dkt. # 12 at 3 ("Even assuming it is reasonable to assume that a person who can sit or stand 'at will' could elect to limit standing to no more than two to four hours per workday . . .").)

Therefore, even if the ALJ had listed back pain as one of Plaintiff's medically determinable impairments at step two, Plaintiff has failed to show that the ALJ would have included additional limitations in the RFC assessment, and has therefore failed to show harmful error at step two. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."). Likewise, Plaintiff has failed to show that the ALJ's RFC assessment is inconsistent with the standing limitations included in Dr. Davenport's opinion, and thus has not established harmful error in the ALJ's assessment of that opinion. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (ALJ properly incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

ORDER - 4

**B.      The ALJ Erred in Failing to Present a Complete Hypothetical to the VE**

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2). In this case, the ALJ relied on VE testimony to find that, in light of Plaintiff's age, education, work experience, and RFC, Plaintiff retained the ability to perform jobs that exist in significant numbers in the national economy. AR at 387.

The ALJ's written RFC assessment describes Plaintiff as requiring an "option to change position between sitting and standing at will." AR at 377. The ALJ's hypothetical posed to the VE was slightly different, describing a person who "needed an option to change position between sitting and standing at 30 to 60 minute intervals, and this would be a flexible option. So pretty much at will in those 30 to 60 minute intervals." *Id*. at 415-16. The VE identified jobs that would be consistent with that requirement and the other limitations in the ALJ's RFC assessment, and indicated that the job numbers were eroded to account for the "need for positional changes." *Id*. at 416.

Plaintiff argues that the ALJ failed to accurately describe the sit/stand option in the VE hypothetical, contending that there is a meaningful distinction between the ability to sit or stand at will and the ability to sit or stand at will in 30-60-minute intervals. (Dkt. # 12 at 4.) The Court agrees. The VE hypothetical contemplates position changes every 30-60 minutes, but the ALJ's written RFC assessment contemplates position changes at any time. The Court notes that the Commissioner failed to present any persuasive argument as to how these limitations are consistent with each other, and this Court has found such limitations to be distinct. *See Lyman M. v. Comm'r of Soc. Sec.*, 2021 WL 1611341, at *2 (W.D. Wash. Apr. 26, 2021) (holding that the ability to change positions at will is distinct from the ability to alternate positions at a specific

interval (citing *Sackett v. Berryhill*, 2019 WL 1787337, at *13-14 (D. Nev. Apr. 24, 2019); *Dikov v. Soc. Sec. Admin.*, 2014 WL 6085842, at *8 (D. Or. Nov. 13, 2014); *Swofford v. Comm'r of Soc. Sec. Admin.*, 2013 WL 3333063, at *6 (D. Or. Jul. 1, 2013))). The Commissioner's attempt to recast the ALJ's RFC assessment as requiring that Plaintiff could "change positions at will every thirty minutes" (dkt. # 11 at 4) is unavailing because the terms "at will" and "every thirty minutes" create an internal inconsistency.

Because the ALJ found that, in accordance with Dr. Davenport's opinion, Plaintiff required the ability to sit or stand at will (AR at 383), but did not accurately describe this limitation in the VE hypothetical, the ALJ's hypothetical is incomplete and the VE's testimony in response has no evidentiary value. *See Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the [VE] must set out all of the claimant's impairments. If the record does not support the assumptions in the hypothetical, the [VE's] opinion has no evidentiary value." (cleaned up)). For these reasons, the Commissioner failed to meet her burden at step five.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should pose a complete hypothetical to the VE, and may reconsider any other parts of the decision as necessary.

Dated this 29th day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge